WILDE & ASSOCIATES
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
208 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone: 702 258-8200
bk@wildelaw.com
Fax: 702 258-8787

and

MARK S. BOSCO, ESQ.
Arizona Bar No. 010167
TIFFANY & BOSCO, P.A.
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 255-6000

Electronically Filed on _____

Bank of America, National Association as seccessor by merger to LaSalle Bank National Association, as Trustee for the C-Bass Mortgage Loan Asset-BAcked Certificates, Series 2006-CB7
09-76691

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | BK-S-09-27958-mkn |
| Ashley A. Gebow | Date: 11/4/09<br>Time: 1:30pm |
| | Chapter 7 |
| Debtor. | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Bank of America, National Association as seccessor by merger to LaSalle Bank National Association, as Trustee for the C-Bass Mortgage Loan Asset-BAcked Certificates, Series 2006-CB7, Secured Creditor herein, ("Secured Creditor" or "Movant" hereinafter), alleges as follows:

1.      That on or about September 25, 2009, the above named Debtors filed their current Chapter 7 Petition in Bankruptcy with the Court.

2. Secured Creditor is the current payee of a promissory note dated June 1, 2006 in the principal sum of $288,920.00 ("Promissory Note" herein), secured by a Real Property Trust Deed of same date ("Trust Deed" herein) upon property generally described as 6681 Rumba Court, Las Vegas, NV 89139, and legally described as follows:

> Lot 235, in Block I of SONATA WITHIN PINNACLE PEAKS PHASE I, as shown by map thereof on file in Book 112 of Plats, Page 61, in the Office of the County Recorder of Clark County, Nevada.

("subject property" herein).

3. Secured Creditor is informed and believes, and, based upon such information and belief, alleges that title to the subject property is currently vested in the name of Debtor.

4. Movant is informed and believes and therefore alleges that the Debtor and the bankruptcy estate have no equity in the property. Pursuant to Debtors statement of intentions the debtor intends on surrendering his interest in the subject property. A true and correct copy of the Debtor's Statement of Intention is attached hereto as Exhibit "A".

5. Movant is informed and believes and therefore alleges that the Debtor and bankruptcy estate have insufficient equity in the property. The fair market value of the property pursuant to Debtor's Schedule "A" is $225,000.00, less ten percent (10%) cost of marketing, less the first and second secured liens resulting in insufficient equity. Therefore, the secured creditor is not adequately protected. A true and correct copy of the Debtor's Schedule "A" is attached hereto as Exhibit "B".

6. Secured Creditor has elected to initiate foreclosure proceedings on the Property with respect to the subject Trust Deed; however Secured Creditor is precluded from proceeding to publish the necessary notices and commence said foreclosure action during the pendency of this Bankruptcy.

7. Secured Creditor has incurred to date attorney's fees of approximately $750.00.

8. Secured Creditor urges that this Court issue and Order herein permitting this Secured Creditor to proceed to a Foreclosure Sale of the Property, including necessary action to obtain possession of the Property.

1   9.   Secured Creditor's Information Sheet as to the extent of liens and encumbrances against
2   the subject property is attached hereto as Exhibit "C" and incorporated herein by reference. Secured
3   Creditor will seek leave of Court to specify any further encumbrances against the subject property at
4   the time of hearing.
5   10.   Yvette Weinstein has been appointed by this Court the Chapter 7 Trustee in this instant
6   Bankruptcy proceeding. By virtue of the position as Trustee of the estate of Debtor herein, Debtor
7   holds title to the subject property in that capacity. To the extent the relief sought herein is granted,
8   Respondent, Yvette Weinstein, Trustee, is bound by any such judgment.
9   11.   This Court has jurisdiction of this action pursuant to the provisions of 11 U.S.C. Section
10  362(d).
11  WHEREFORE, Secured Creditor prays judgment as follows:
12  (1)   For an order granting relief from the Automatic Stay, and permitting this Secured
13  Creditor to move ahead with foreclosure proceedings under this Secured Creditor's Trust Deed and to
14  sell the subject property at a Foreclosure Sale under the items of said Trust Deed, including necessary
15  action to obtain possession of the Property.
16  (2)   That a finding that Rule 4001(a)(3) of the Rules of Federal Bankruptcy Procedure is not
17  applicable and Secured Creditor may immediately enforce and implement the order granting relief from
18  the automatic stay.
19  (3)   In the alternative, an Order requiring the Debtor to reinstate and maintain all obligations
20  due under all of the trust deeds encumbering the subject property and further allowing Secured Creditor
21  with the remedies to proceed with foreclosure should the Debtor not maintain payments.
22  ///
23  ///
24  ///
25  ///
26  ///

(4)  For attorneys' fees and costs of suit incurred herein.

(5)  For such other and further relief as this Court deems appropriate.

DATED  10-6-09  .

                      **WILDE & ASSOCIATES**

By  /S/GREGORY L. WILDE

                    **GREGORY L. WILDE, ESQ.**
                    Attorney for Secured Creditor
                    208 South Jones Boulevard
                    Las Vegas, Nevada 89107

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## District of Nevada

In re  Ashley A. Gebow

Debtor(s)

Case No. _____
Chapter  7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** - Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:** FORD CRED | **Describe Property Securing Debt:** 2006 Ford Mustang |

Property will be (check one):
  ☐ Surrendered          ■ Retained

If retaining the property, I intend to (check at least one):
  ☐ Redeem the property
  ■ Reaffirm the debt
  ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
  ■ Claimed as Exempt          ☐ Not claimed as exempt

| Property No. 2 | |
|---|---|
| **Creditor's Name:** HSBC MORTGAGE CORP USA | **Describe Property Securing Debt:** 6681 Rumba Court<br>Las Vegas, Nevada 89139<br>(Surrender) |

Property will be (check one):
  ■ Surrendered          ☐ Retained

If retaining the property, I intend to (check at least one):
  ☐ Redeem the property
  ☐ Reaffirm the debt
  ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
  ☐ Claimed as Exempt          ■ Not claimed as exempt



EXHIBIT A

B6A (Official Form 6A) (12/07)

In re  Ashley A. Gebow , Case No. _____
                    Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| 6681 Rumba Court<br>Las Vegas, Nevada 89139<br>(Surrender) | Residence | - | 225,000.00 | 363,091.00 |

|  |  |
|---|---|
| Sub-Total > | 225,000.00    (Total of this page) |
| Total > | 225,000.00 |

 0  continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                                                                                                                                                                    Best Case Bankruptcy



EXHIBIT B

**\*\* SECTION 362 INFORMATION SHEET \*\***

| Ashley Gebow | Chapter 7 |
|---|---|
| DEBTOR(S) | Case No.: 09-27958-mkn |

Bank of America, National Association as seccessor by merger to LaSalle Bank National Association, as Trustee for the C-Bass Mortgage Loan Asset-BAcked Certificates, Series 2006-CB7
MOVANT
PROPERTY INVOLVED IN THIS MOTION: 6681 Rumba Court, Las Vegas NV 89139

NOTICE SERVED ON: Debtor(s) ____x_____; Debtor (s) Counsel _____x_____; Trustee _____x____
DATE OF SERVICE: _____

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st Bank of America, National Association as seccessor by merger to LaSalle Bank National Association, as Trustee for the C-Bass Mortgage Loan Asset-BAcked Certificates, Series 2006-CB7 (PB$288,884.12) | 1st _____ |
| | 2nd _____ |
| 2nd HSBC Mortgage Corp USA (PB$74,207.00) | Total Encumbrances: $_____ |
| Other: Internal Revenue Services ($7,890.00) | APPRAISAL or OPINION as to VALUE: |
| Total Encumbrances: $370,981.12 | |
| APPRAISAL or OPINION as to VALUE: "Per attached Schedule "A" $225,000.00 | |
| **TERMS OF MOVANT'S CONTRACT WITH THE DEBTOR** | **OFFER OF "ADEQUATE PROTECTION" FOR MOVANT:** |
| Amount of Note: $288,920.00<br>Interest Rate: 9.375<br>Duration: 30 Year<br>Payment Per Month: $ 2,500.80<br>Date of Default: June 1, 2009<br>Date of Notice of Default: September 9, 2009<br>SPECIAL CIRCUMSTANCES: I, Gregory L. Wilde, hereby certify that an attempt has been made to confer with debtor(s) counsel, or with debtor(s) and that more than two (2) business days have expired, and that after sincere effort to do so, counsel has been unable to resolve this matter without court action.<br><br>SUBMITTED BY: _____<br>SIGNATURE: /S/GREGORY L. WILDE | SPECIAL CIRCUMSTANCES:<br><br>SUBMITTED BY: _____<br><br>SIGNATURE: _____ |


EXHIBIT C